UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

| | : | |
|---|---|---|
| SHIVA STEIN, | : | |
| Plaintiff, | : | CIVIL ACTION NO. _____ |
| | : | |
| v. | : | |
| | : | |
| ACUITY BRANDS INC., | : | |
| Defendant. | : | |

---

# COMPLAINT

Plaintiff, Shiva Stein, alleges, upon information and belief based upon, *inter alia*, the investigation made by and through her attorneys, except as to those allegations that pertain to the plaintiff herself, which are alleged upon knowledge, as follows:

## NATURE OF THE ACTION

1. This is a stockholder's direct action under Section 14(a) of the Securities Exchange Act of 1934, as amended (the Exchange Act), 15 U.S.C. § 78n(a), and the rules and regulations of the United States Securities and Exchange Commission (the "SEC").

2. Plaintiff, a shareholder of Defendant Acuity Brands Inc. ("Acuity Brands"), seeks an injunction to prevent a vote by its shareholders on Management Proposal 5 in the 2017 Proxy Statement for the annual meeting of Acuity Brands shareholders scheduled for January 5, 2018 ("Proposal 5"). The grounds for this injunction are Defendant's failures to comply with the SEC's disclosure requirements for proxy statements.

3. Proposal 5 requests that the shareholders approve the Amended and Restated Acuity Brands, Inc. 2012 Omnibus Stock Incentive Compensation Plan (the "Plan"), which proposes to allow Acuity Brands to increase the number of shares of common stock available for

issuance by 380,000 additional shares to Plan participants for a total of 1,647,185 shares being available for issuance, and to continue its qualification under Section 162(m) by obtaining approval of the performance metrics. But it is unclear how many participants are in the Plan and why they are receiving these awards. SEC Rule 14a-3(a), 17 C.F.R. § 240.14a-3, requires that public companies may not solicit shareholder votes without furnishing a proxy statement "containing the information specified in Schedule 14A," 17 C.F.R. § 240.14a-101. Item 10(a)(1) of Schedule 14A specifically requires that "[i]f action is to be taken with respect to any plan pursuant to which cash or noncash compensation may be paid or distributed," the proxy statement soliciting this vote must "[d]escribe briefly the material features of the plan being acted upon, identify each class of persons who will be eligible to participate therein, indicate the approximate number of persons in each such class, and state the basis of such participation."

4. Proposal 5 of the 2017 Proxy Statement fails to disclose the approximate number of eligible participants and the basis of their participation in the Plan and is misleading as to the classes of persons who will be eligible to participate therein.

5. Thus, the 2017 Proxy Statement does not comply with the SEC rules and regulations, and the Court should enjoin that vote unless and until Defendant furnishes its shareholders with a supplemental proxy statement with those specific disclosures.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the subject matter of this action pursuant to Section 27(a) of the Exchange Act, 15 U.S.C. § 78aa(a).

7. In connection with the acts, omissions, conduct and wrongs alleged herein, Defendant used the mails and the means or instrumentalities of interstate commerce.

8. Venue is proper in this district because, as allowed under Section 27(a) of the

Exchange Act, this district is where the violation at issue in this case occurred because the Plaintiff is a resident of this district.

## PARTIES

9.  Plaintiff is, and has been continuously since June 2014, a holder of Acuity Brands common stock.

10. Acuity Brands is a corporation organized under the laws of the State of Delaware. The Company's last fiscal year ended August 31, 2017. As of October 24, 2017, it had 42,080,827 shares of common stock outstanding. Acuity Brands's common stock is traded on the New York Stock Exchange under the symbol AYI. Acuity Brands is a provider of lighting solutions for commercial, institutional, industrial, infrastructure and residential applications throughout North America and other international countries.

## WRONGFUL ACTS AND OMISSIONS

11. Acuity Brands has scheduled the annual shareholders' meeting for January 5, 2018. On November 21, 2017, it furnished its shareholders with the 2017 Proxy Statement to solicit their proxies for six management proposals, one stockholder proposal, and to transact other business that may properly come before the annual meeting.

12. Proposal 5 requests that the shareholders approve the Plan, which Acuity Brands will be able to use to grant incentive stock options or non-qualified stock options, stock appreciation rights, restricted stock, restricted stock units, performance awards or any combination of to participants in the Plan immediately after the stockholder vote. But this proposal fails to provide sufficient – and federally required – information for Acuity Brands stockholders to understand how many participants there are in the plan or why they are eligible for such shares.

13. Because Proposal 5 concerns a stockholder vote on a compensation plan, the SEC's rules and regulations require the 2017 Proxy Statement to disclose certain information concerning the Plan. Specifically, Item 10(a)(1) of Schedule 14A, 17 C.F.R. § 240.14a-101 states:

> Compensation Plans. If action is to be taken with respect to any plan pursuant to which cash or noncash compensation may be paid or distributed, furnish the following information:
>
> (a) Plans subject to security holder action.
>
> (1) Describe briefly the material features of the plan being acted upon, identify each class of persons who will be eligible to participate therein, indicate the approximate number of persons in each such class, and state the basis of such participation.

But the 2017 Proxy Statement omits these disclosures.

14. Instead of providing the "approximate number of persons in each such class, and … the basis of such participation," Proposal 5, under the heading Eligibility, tells stockholders the following:

> The Committee may grant awards under the Amended 2012 Plan to the Company's employees, non-employee directors and consultants. However, only employees will be eligible to receive "incentive stock options" under the Amended 2012 Plan.

Proxy Statement at 57.

15. The above paragraph describes merely the classes of persons, but not how many persons in each class, and not the basis of participation. As Judge Irizarry stated, the "basis for eligibility" is not the same as the "basis for participation." *Stein v. Raymond James Financial, Inc.*, 1:16-cv-00379-DLI-JO (S.D.N.Y.). Notably, in the text of the Plan, Acuity Brands states that "the [Compensation Committee] may, from time to time, select Participants from all Eligible Individuals and shall determine the nature and amount of each Award." Proxy Statement at A-10.

However, the 2017 Proxy Statement fails to actually articulate the basis for participation.

16.     Similarly, Proposal 5 fails to include the number of non-employee directors. This information is important for a shareholder especially since non-employee directors will be eligible to receive discretionary awards other than a $205,000 annual retainer and other retainers for committee membership and attending meetings, including restricted stock.

17.     The Plan itself, annexed to the 2017 Proxy Statement as Annex A, discusses eligibility, and states that "Eligible Individuals shall be eligible to become Participants and receive Awards in accordance with the terms and conditions of the Plan, subject to the limitations on the granting of ISOs set forth in Section 6.9(a)." 2017 Proxy Statement at A-10.

18.     The Plan defines an "Eligible Individual" as "any Employee, Non-Employee Director, or Consultant, and any prospective Employee who has accepted an offer of employment from the Company or any Subsidiary or Affiliate."

19.     Nowhere in the 2017 Proxy Statement does Acuity Brands disclose the number of "Employee, Non-Employee Director, or Consultant."

20.     The definition for "Employee" is very broad:

> "Employee" means any person providing services as an employee of the Company, a Subsidiary and/or an Affiliate. An Employee shall not include any individual during any period he or she is classified or treated by the Company, a Subsidiary or an Affiliate as an independent contractor, a Consultant, or an employee of an employment, consulting, temporary agency, or any other entity other than the Company, a Subsidiary and/or an Affiliate without regard to whether such individual is subsequently determined to have been, or is subsequently retroactively reclassified as a common-law employee of the Company, a Subsidiary and/or an Affiliate during such period. For the avoidance of doubt, a Director who would otherwise be an "Employee" within the meaning of this Section 2.22 shall be considered an Employee for purposes of the Plan.

Proxy Statement at A-3.

21. The definitions for "Affiliate" and "Subsidiary" are also very broad:

> "Affiliate" means any entity in which the Company has at least a fifty percent (50%) equity interest and is designated as an Affiliate for purposes of the Plan by the Committee.
>
> "Subsidiary" means any present or future corporation which is or would be a "subsidiary corporation" of the Company as the term is defined in Code Section 424(f) [of Internal Revenue Code of 1986].

*Id.* at A-1, A-5.

22. Thus, it is entirely unclear from the 2017 Proxy Statement how many participants will be awarded the compensation from the Plan that stockholders are being asked to approve or the basis of their receipt of such awards.

23. This contravention of the SEC rules renders the 2017 Proxy Statement unlawful under § 14(a) of the Exchange Act.

24. The Plan allows for 1,647,185 authorized shares of Common Stock to be awarded immediately after the stockholder vote.

25. The preceding paragraphs state a direct claim for relief against Acuity Brands under § 14(a) of the Exchange Act for acting in contravention of the rules and regulations prescribed by the SEC.

26. As a result of these actions, plaintiff will be injured, and she has no adequate remedy at law. She will suffer irreparable harm if no action is taken to ameliorate this harm because, in addition to being forced to vote without this information, the Plan allows for 1,647,185 shares to be granted to an unknown number of "Employee[s], Non-Employee Director[s], or Consultant[s], and any prospective Employee[s]" of Acuity Brands and its "affiliates" and "subsidiaries" immediately after this vote. Unwinding these awards will be impossible.

27. To ameliorate the injury, injunctive relief is required in the form of an amended proxy statement that provides the information required by Item 10(a)(1) of Schedule 14A with regard to Proposal 5.

28. Consequently, Acuity Brands should be enjoined from presenting Proposal 5 for a stockholder vote at the January 5, 2018 annual meeting or certifying or otherwise accepting any vote cast, by proxy or in person, by or on behalf of any Acuity Brands shareholder in connection with Proposal 5 in the 2017 Proxy Statement.

## RELIEF REQUESTED

**WHEREFORE,** Plaintiff requests the following relief:

A. A preliminary and permanent injunction, enjoining Acuity Brands from:

(i) certifying or otherwise accepting any vote cast, by proxy or in person, by or on behalf of any Acuity Brands shareholder in connection with Proposal 5 in the 2017 Proxy Statement;

(ii) presenting Proposal 5 for a shareholder vote at the January 5, 2018 annual meeting.

B. A preliminary and permanent injunction requiring Acuity Brands to furnish a supplemental proxy statement with the information required by 17 C.F.R. §240.14a-101, Item 10(a)(1) and cured of material disclosure defects pursuant to 15 U.S.C. § 78n(a).

C. Awarding such other and further relief as this Court deems just and proper.

Dated: November 29, 2017

                                               WOLF HALDENSTEIN ADLER
                                               FREEMAN & HERZ LLP

                                               By: /s/ *Gloria Kui Melwani*
                                               Gloria Kui Melwani
                                               270 Madison Avenue

New York, NY 10016  
Telephone: (212) 545-4600  
Facsimile: (212) 686-0114

***Attorneys for Plaintiff***