UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

| | : | |
|---|---|---|
| SHIVA STEIN | : | |
| | : | |
| Plaintiff, | : | C.A. No. 1:17-cv-06945-NGG-RER |
| | : | |
| - against - | : | |
| | : | |
| ACUITY BRANDS, INC. | : | |
| | : | |
| Defendant. | : | |
| | : | |

---

### DEFENDANT'S REPLY TO THE FEBRUARY 5, 2018 DECLARATION OF GLORIA KUI MELWANI IN SUPPORT OF PLAINTIFF'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES

Pursuant to the Court's Order dated February 2, 2018, Defendant Acuity Brands, Inc. ("Acuity") submits this reply to the Declaration of Gloria Kui Melwani in Support of Plaintiff's Motion for an Award of Attorneys' Fees and Expenses filed on February 5, 2018 (Doc. No. 17) (the "Supplemental Declaration").[1]

Plaintiff's Supplemental Declaration attaches as Exhibit A Plaintiff's counsel's "contemporaneous time records of all work done in this litigation" (the "Time Records"). Suppl. Decl. ¶ 5. Critically, nothing in these Time Records supports a finding that the supposed "benefit" that Plaintiff claims this lawsuit has provided to Acuity's shareholders (*i.e.,* Acuity's supplementation of its Proxy to "disclose" *already public* information) was a *substantial* one, which is a precondition that must be satisfied before *any* fees may be awarded, as shown in Acuity's Opposition. *See* Opp. at 7-13 (discussing the "substantial benefit" rule and Plaintiff's

---

[1] Unless otherwise provided herein, all capitalized terms are given the same meaning as in Defendant's Response in Opposition to Plaintiff's Motion for an Award of Attorneys' fees and Expenses (Doc. No. 15-9) (the "Opposition").

inability to show any substantial benefit here); *see also Cole v. Hall*, 376 F. Supp. 460, 461 (E.D.N.Y. 1974) ("The determinative factor in awarding counsel fees is whether the services rendered conferred a 'substantial benefit on the members of an ascertainable class.'").

Even worse, the Time Records confirm that Plaintiff's counsel did next to nothing to obtain the supposed "benefit" they claim this lawsuit has provided and that this case is instead a "lawyer's lawsuit" in which no fee award—and certainly not the $300,000 Plaintiff requests—is warranted. *See Van Gemert v. Boeing Co.*, 573 F.2d 733, 735 (2d Cir. 1978). Specifically, the Time Records reveal that Plaintiff's counsel only incurred **$3,580.50** in attorneys' fees for **7.7 hours** of work done prior to Acuity's issuance of the Supplemental Disclosures on December 6, 2017. *See* Suppl. Decl., Ex. A at 1. The remainder of the claimed fees, accounting for over **92%** of the purported $46,028.50 lodestar (itself, a fraction of the $300,000 requested), stem almost entirely from Plaintiff's counsel's efforts to prepare and defend their fee request after the Supplemental Disclosures had already been issued. *See id.*[2] This is problematic, for several reasons.

*First*, Plaintiff's lawyers are not permitted to recoup fees for their efforts to obtain an award of fees in this case (commonly referred to as "fees on fees"). Notably, the *Gagne* case cited by Plaintiff's counsel in the Supplemental Declaration for the principle that "time reasonably spent by plaintiff's attorneys in establishing their fee would be compensable" was a ***statutory*** fee award case. *See* Suppl. Decl. ¶ 3; *Gagne v. Maher*, 594 F.2d 336, 339 (2d Cir. 1979) (concerning fee award application under Civil Rights Attorney's Fees Awards Act of 1976). The Second Circuit has expressly distinguished statutory fee award cases, wherein fees

---

[2] The only fees billed after December 6, 2017 that are not related to Plaintiff's fee application are $1,255.50 in fees billed by Ms. Melwani on December 11, 2017 for 2.2 hours spent purportedly researching an amended complaint that was never filed. *See* Suppl. Decl., Ex. A at 1.

2

on fees generally are recoverable, from *equitable* fee award cases such as this, wherein fees on fees are generally *not* recoverable.  *See Mautner v. Hirsch*, 32 F.3d 37, 39 (2d Cir. 1994) ("Actions in which such attorney's fees are sought fall into two general categories.  Those cases that traditionally have been referred to as 'common fund' cases do not permit an award of fees for work performed in the fee application process.  On the other hand, fees for services performed in the fee application have at times been permitted in cases involving awards under statutes such as 42 U.S.C. § 1988." (citing, *inter alia*, *City of Detroit v. Grinnell Corp.*, 560 F.2d 1093, 1102 (2d Cir. 1977); *Gagne*, 594 F.2d at 344).

Accordingly, Plaintiff's counsel is only entitled to include within their lodestar calculation fees incurred to obtain the Supplemental Disclosures, the purported benefit conferred upon Acuity's shareholders by the lawsuit (valued in the Time Records at $3,580.50).[3]  Their request for $300,000 in fees thus actually implies a lodestar multiplier of almost *84x*—even more excessive than the already unprecedented 30x multiplier implied by the $10,276.50 lodestar amount stated in Plaintiff's counsel's initial declaration (which supplied no contemporaneous records of counsel's actual work).

*Second*, even if fees on fees were recoverable in equitable fee award cases like this (they are not), such fees nevertheless should not be awarded in this specific case.  Where fees on fees are recoverable, the decision as to whether to award such fees, and in what amount, lies within the Court's discretion.  *See*, *e.g.*, *Schuman v. Aetna Life Ins. Co.*, C.A. No. 3:15-cv-01006-SRU, 2017 WL 4632428, at *3 (D. Conn. Oct. 16, 2017) (applying Second Circuit law).  Notably, only

---

[3] In other words, Plaintiff's counsel may not recover for either the $44,773 in fees for time spent on their fee application or the $1,255.50 in fees for time spent on researching an amended complaint that was never filed (*see* Suppl. Decl., Ex. A at 1; *supra* note 2), as neither of this work contributed to the Supplemental Disclosures upon which Plaintiff's counsel's request for fees under the common benefit doctrine is based.

3

a few months ago the court in *Schuman* denied outright a plaintiff's request for an award of fees on fees under circumstances similar to the present case. *See id.* at *4 ("I exercise my discretion to deny [plaintiff's] second fee request [to recover fees incurred in litigating his original fee request] in its entirety."). There, the plaintiff sought "an additional $9,000 in attorneys' fees for 26.05 hours spent 'reviewing defendants' memorandum [in opposition to the plaintiff's fee motion], reviewing the Court's rulings, and in researching, and drafting, the Reply [in support of the fee motion]." *Id.* at *3. In denying the plaintiff's request for fees on fees, the court noted that "26 hours to read and prepare a short reply to the defendants' opposition strikes me as 'unnecessarily high.'" *Id.* (quoting *Dagostino v. Comp. Credit*, 238 F. Supp. 3d 408, 418 (E.D.N.Y. 2017) (concluding that "plaintiff's request of fifteen hours for work performed in connection with the reply brief [was] unnecessarily high")). Moreover, the court found that, "even were the hours reasonable," they should not be compensated because "much of the time incurred by [the plaintiff's] attorneys 'was spent on attempts to justify excessive and unreasonable fees and expenses that never should have been submitted to the court at all.'" *Id.* (quoting *Eli Lilly & Co. v. Zenith Goldline Phram.*, 264 F. Supp. 2d 753, 783-84 (S.D. Ind. 2003)). Specifically, the court explained that, given the limited success obtained in the litigation, plaintiff's counsel had "already 'showed questionable judgment" in "making their 'exorbitant' $167,000 [fee] request," and thus that compensating plaintiff's counsel for defending that request "would award [plaintiff] a 'windfall' and 'unjustifiably punish' the defendants." *Id.* at *3-4 (first quoting *Muscare v. Quinn*, 680 F.2d 42, 45 (7th Cir. 1982)); then quoting *Gagne*, 594 F.2d at 344; then quoting *In re Agent Orange Prod. Liab. Litig.*, 818 F.2d 226, 232 (2d Cir. 1987)).

These same considerations counsel strongly in favor of disallowing any fees on fees here. In fact, this case involves an even more objectionable request for fees on fees than the request in

4

*Schuman*. Whereas the court in *Schuman* found plaintiff's counsel's request "unnecessarily high" where they sought $9,000 in fees for 26 hours of work defending their fee application, Plaintiff's counsel here seeks $300,000 in fees for 86.6 hours of work on this case, only 7.7 hours of which related to pursuit of the "benefit" Plaintiff claims this case conferred on Acuity's shareholders. Plaintiff's counsel should not be compensated (at Acuity's expense) for time spent "attempt[ing] to justify excessive and unreasonable fees and expenses that never should have been submitted to the court at all." *Schuman*, 2017 WL 4632428, at *3.

*Finally*, the Time Records reflect unreasonable hourly rates. As this Court has recently explained, "[f]or purposes of determining prevailing market rates, the relevant community is the district in which the court sits," and "[r]ecent opinions in this district suggest that reasonable hourly rates are approximately $400-450 for partners, $200-325 for senior associates, and $100-200 for junior associates." *Favors v. Cuomo*, 39 F. Supp. 3d 276, 300-01 (E.D.N.Y. 2014) (internal quotation marks omitted) (listing cases). The hourly rates listed in the Time Records far exceed these ranges. *See* Suppl. Decl. ¶ 3. Any fee award in this case should be based on hourly rates falling within the ranges held "reasonable" in *Favors*.

For these reasons, and all of those shown in Acuity's Opposition, Plaintiff's counsel's request for an award of attorney's fees and expenses should be denied in its entirety. If the Court determines, however, that an award of fees and expenses is appropriate, any such award should be limited to counsel's actual expenses and time spent on work performed prior to Acuity's issuance of the Supplemental Disclosures on December 6, 2017, multiplied by reasonable hourly rates falling within the ranges outlined in *Favors*.

Respectfully submitted, this 12th day of February, 2018.

**KING & SPALDING LLP**

<u>*s/ Israel Dahan*</u>
Israel Dahan
1185 Avenue of the Americas
New York, NY 10036-2601
Telephone: (212) 556-2100
Facsimile: (212) 556-2222
idahan@kslaw.com

*Attorney for Defendant Acuity Brands, Inc.*

## **CERTIFICATE OF SERVICE**

This is to certify that I have this day served counsel for all parties by electronically filing a true and correct copy of the foregoing with the Clerk of Court using the ECF system upon:

Gloria Kui Melwani
Wolf Haldenstein Adler Free & Herz LLP
270 Madison Avenue
New York, NY  10016
*melwani@whafn.com*

This 12th day of February, 2018.

                                                *s/ Israel Dahan*
                                                Israel Dahan